Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

JORDAN JULIO REINOSO ROSADO, CARMEN ELI
CONTRERAS RANGEL, YANINA LORENA FRANCIS
CRUZ and JOSE RONALDO BRAVO SOLIS, individually and
on behalf of all others similarly situated,

**CLASS/COLLECTIVE ACTION COMPLAINT**

                                        Plaintiffs,

                                                              JURY TRIAL
                                                              DEMANDED

        -against-

DO&CO NEW YORK CATERING, INC., GNVC
ENTERPRISES CORP., and NLLS MAINTENANCE CORP.
and, GLADYS GARCIA, and VALERIA CARRERA, as
individuals,

                                        Defendants.

----------------------------------------------------------------------X



        Plaintiffs **JORDAN JULIO REINOSO ROSADO, CARMEN ELI CONTRERAS RANGEL, YANINA LORENA FRANCIS CRUZ and JOSE RONALDO BRAVO SOLIS**, individually and on behalf of all others similarly situated, (hereinafter referred to as "Plaintiffs"), by their attorneys at Helen F. Dalton & Associates, P.C., alleges upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, bring this action against **DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP. and GLADYS GARCIA, and VALERIA CARRERA, as individuals** (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES**

1

**CORP., and NLLS MAINTENANCE CORP.**, located at 149-32 132nd St., Jamaica, NY 11430 and at 130-02 S Conduit Ave., Jamaica, NY 11430.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES
### *The Plaintiffs*

7. Plaintiff JORDAN JULIO REINOSO ROSADO residing in Ozone Park, NY 11416 was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around April 28, 2024 until in or around August 18, 2024.

8. Plaintiff CARMEN ELI CONTRERAS RANGEL residing in Springfield Gardens, NY 11413 was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around May 8, 2023 until in or around September 8, 2024.

9. Plaintiff YANINA LORENA FRANCIS CRUZ residing in Springfield Gardens, NY 11413 has been employed by Defendants at DO&CO NEW YORK CATERING, INC.,

GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around April 25, 2024 to the present.

10. Plaintiff JOSE RONALDO BRAVO SOLIS residing in Ozone Park, NY 11416 was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around May 2024 until July 1, 2024.

**The Job Sites**

11. At all relevant times hereto, Plaintiffs performed work at the job sites located at 149-32 132nd St., Jamaica, NY 11430 and at 130-02 S. Conduit Ave., Jamaica, NY 11430.

***Corporate Defendants***

**DO&CO New York Catering, Inc.**

12. Defendant, DO&CO NEW YORK CATERING, INC., is a foreign business corporation organized under the laws of New York with a principal executive office at 149-32 132nd St., Jamaica, NY 11430 and at 130-02 S Conduit Ave., Jamaica, NY 11430.

13. Defendant, DO&CO NEW YORK CATERING, INC., is registered in the New York Department of State, Division of Corporation with service of process address at 28 Liberty St., Suite 101, New York, NY 10005.

14. Upon information and belief, Defendant, DO&CO NEW YORK CATERING, INC., provides in-flight catering services to several airlines and operates as a subsidiary of DO&CO GROUP OF COMPANIES.

15. At all relevant times hereto, Defendant, DO&CO NEW YORK CATERING, INC., secured the services of GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP. to provide manpower at DO&CO NEW YORK CATERING, INC.'s job sites to perform duties such as food preparation, food assembling and cooking, among others.

16. At all relevant times hereto, Defendant, DO&CO NEW YORK CATERING, INC., through its agents, officers, managers and supervisors, maintains direct control,

oversight, and direct supervisions over Plaintiffs in the performance of their duties at the job sites, which among others include scheduling and payment of workers.

## GNVC Enterprises Corp. and NLLS Maintenance Corp.

17. Defendant, GNVC ENTERPRISES CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 149-32 132nd St., Jamaica, NY 11430 and at 130-02 S Conduit Ave., Jamaica, NY 11430.

18. Defendant, GNVC ENTERPRISES CORP., is registered in the New York Department of State, Division of Corporation with service of process address at 1108 New Hyde Park Road, New Hyde Park, NY 11040.

19. Defendant, NLLS MAINTENANCE CORP., is a New York domestic business corporation organized under the laws of New York with a principal executive office at 149-32 132nd St., Jamaica, NY 11430 and at 130-02 S Conduit Ave., Jamaica, NY 11430.

20. Defendant, NLLS MAINTENANCE CORP., is registered in the New York Department of State, Division of Corporation with service of process address at 203 E 19th Street, Huntington, NY 11746.

21. At all relevant times hereto, Defendants, GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., provided manpower at DO&CO NEW YORK CATERING INC.'s job sites to perform duties such as food preparation and cooking, among others.

22. At all relevant times hereto, Defendants, GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., maintain direct control, oversight, and direct supervisions over Plaintiffs in the performance of their duties at the job sites, which among others include scheduling and payment of workers.

## *Individual Defendants*
## Gladys Garcia

23. At all relevant times hereto, Defendant GLADYS GARCIA owns and operates GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

24. At all relevant times hereto, Defendant GLADYS GARCIA is an agent of GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

25. At all relevant times hereto, Defendant GLADYS GARCIA is responsible for overseeing the daily operations of GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

26. At all relevant times hereto, Defendant GLADYS GARCIA has power and authority over all the final personnel decisions at GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

27. At all relevant times hereto, Defendant GLADYS GARCIA has power and authority over all final payroll decisions at GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., including the Plaintiffs.

28. At all relevant times hereto, Defendant GLADYS GARCIA has the exclusive power to hire and fire employees at GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., establish and pay their wages, set their work schedule, and maintain their employment records, including the Plaintiffs.

29. During all relevant times herein, Defendant GLADYS GARCIA was Plaintiffs' employer within the meaning of the FLSA and NYLL.

**Valeria Carrera**

30. At all relevant times hereto, Defendant VALERIA CARRERA is a manager at GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

31. At all relevant times hereto, Defendant VALERIA CARRERA is responsible for overseeing the daily work of Plaintiffs.

32. Upon information and belief, Defendant VALERIA CARRERA has power and authority over personnel decisions of GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

33. Upon information and belief, VALERIA CARRERA has power over the firing and terminating of the employees of GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., including Plaintiffs.

34. At all relevant times hereto, VALERIA CARRERA is responsible for determining, establishing, and paying the wages of all employees of GNVC ENTERPRISES CORP.

and NLLS MAINTENANCE CORP., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

35. Accordingly, at all relevant times hereto, Defendant VALERIA CARRERA was Plaintiffs' employer within the meaning and the intent of the FLSA, and the NYLL.

36. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP.

**<u>Joint Enterprise(s) of the Corporate Defendants</u>**

37. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

38. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

39. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

40. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

41. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

42. All Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

43. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants

44. On information and belief, DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., are, at present and have been at all times relevant to the allegation in the complaint, are enterprises engaged in interstate commerce within the meaning of the FLSA in that the entity (i) have had employees engaged in commerce or in the production of goods for commerce, and

handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## **FACTUAL ALLEGATIONS**
## **JORDAN JULIO REINOSO ROSADO**

45. Plaintiff JORDAN JULIO REINOSO ROSADO was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., from in or around April 28, 2024 until in or around August 18, 2024.

46. During Plaintiff JORDAN JULIO REINOSO ROSADO's employment by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., Plaintiff's primary duties were as a food preparer and cook while performing other miscellaneous duties from in or around April 28, 2024 until in or around August 18, 2024.

47. Plaintiff regularly worked six (6) days per week from in or around April 28, 2024 until in or around June 2024 and five (5) days per week from in or around July 2024 until in or around August 18, 2024.

48. Plaintiff regularly worked a schedule of shifts beginning:

    i.   from approximately 3:00 p.m. and regularly ending at approximately 3:00 a.m. or later, six (6) days per week, from in or around April 28, 2024 until in or around June 2024;

    ii.   from approximately 9:00 a.m. and regularly ending at approximately 5:30 p.m. or later, five (5) days per week, in or around July 2024; and

    iii.   from approximately 6:00 a.m. and regularly ending at approximately 2:30 p.m. or later, five (5) days per week, in or around August 2024.

49. Thus, Plaintiff JORDAN JULIO REINOSO ROSADO was regularly required to work approximately seventy-two (72) hours per week from in or around April 28, 2024 until in or around June 2024 and approximately forty-two-and-a-half (42.5) hours per week from in or around July 2024 until in or around August 18, 2024.

50. Plaintiff was paid by Defendants a flat hourly rate of approximately $16.00 per hour for all hours worked from in or around April 28, 2024 until in or around August 18, 2024.

51. Plaintiff was paid by Defendants every three (3) weeks from in or around April 28, 2024 until in or around August 18, 2024.

52. Although Plaintiff JORDAN JULIO REINOSO ROSADO worked approximately seventy-two (72) hours or more hours per week from in or around April 28, 2024 until in or around June 2024 and approximately forty-two-and-a-half (42.5) hours or more hours per week from in or around July 2024 until in or around August 18, 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

53. Defendants paid Plaintiff JORDAN JULIO REINOSO ROSADO every three (3) weeks, failing to timely pay Plaintiff for his first two weeks of wages from in or around from in or around April 28, 2024 until in or around August 18, 2024 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

54. Furthermore, Plaintiff JORDAN JULIO REINOSO ROSADO worked in excess of ten (10) or more hours per day approximately six (6) days per week from in or around April 28, 2024 until in or around June 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

55. Additionally, Plaintiff was not compensated at all by the Defendants for approximately three (3) work weeks of employment. Defendants issued Plaintiff checks, but the checks were unable to be cashed or deposited due to insufficient funds.

56. Due to Defendant's non-payment and late payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation, and other expenses.

57. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

58. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

59. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

60. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

61. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

**CARMEN ELI CONTRERAS RANGEL**

62. Plaintiff CARMEN ELI CONTRERAS RANGEL was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around May 8, 2023 until in or around September 8, 2024.

63. During Plaintiff CARMEN ELI CONTRERAS RANGEL's employment by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., Plaintiff's primary duties were as a cook and kitchen assistant while performing other miscellaneous duties from in or around May 8, 2023 until in or around September 8, 2024.

64. Plaintiff regularly worked six (6) days per week from in or around May 8, 2023 until in or around September 8, 2024.

65. Plaintiff regularly worked a schedule of shifts beginning:

    i. from approximately 6:00 a.m. and regularly ending at approximately 2:30 p.m. or later, six (6) days per week, in or around May 2023;

    ii. from approximately 9:00 a.m. and regularly ending at approximately 5:00 p.m. or later, six (6) days per week, from in or around June 2023 until in or around December 2023;

    iii. from approximately 12:00 p.m. and regularly ending at approximately 8:30 p.m. or later, six (6) days per week, from in or around January 2024 until in or around March 2024;

    iv. from approximately 2:30 p.m. and regularly ending at approximately 2:00 a.m. or later, six (6) days per week, from in or around April 2024 until in or around June 2024; and

    v. from approximately 2:30 p.m. and regularly ending at approximately 12:30 a.m. or later, three (3) days per week and from approximately 2:30 p.m. and regularly ending at approximately 11:00 p.m. or later, three (3) days per week, from in or around July 2024 until in or around September 8, 2024.

66. Thus, Plaintiff CARMEN ELI CONTRERAS RANGEL was regularly required to work:

    i. approximately fifty-one (51) hours per week in or around May 2023;

    ii. approximately forty-eight (48) hours per week from in or around June 2023 until in or around December 2023;

    iii. approximately fifty-one (51) hours per week from in or around January 2024 until in or around March 2024;

    iv. approximately sixty-nine (69) hours per week from in or around April 2024 until in or around June 2024; and

    v. approximately fifty-five-and-a-half (55.5) hours per week from in or around July 2024 until in or around September 8, 2024.

67. Plaintiff was paid by Defendants a flat hourly rate of approximately $16.00 per hour for all hours worked from in or around May 8, 2023 until in or around September 8, 2024.

68. Plaintiff was paid by Defendants on a bi-weekly basis from in or around May 8, 2023 until in or around December 2023 and every three (3) to four (4) weeks from in or around January 2024 until in or around September 8, 2024.

69. Although Plaintiff CARMEN ELI CONTRERAS RANGEL worked approximately fifty-one (51) hours per week in or around May 2023; approximately forty-eight (48) hours per week from in or around June 2023 until in or around December 2023; approximately fifty-one (51) hours per week from in or around January 2024 until in or around March 2024; approximately sixty-nine (69) hours per week from in or around April 2024 until in or around June 2024; and approximately fifty-five-and-a-half (55.5) hours per week from in or around July 2024 until in or around September 8, 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

70. Defendants paid Plaintiff CARMEN ELI CONTRERAS RANGEL on a bi-weekly basis from in or around May 8, 2023 until in or around December 2023 and every three (3) to four (4) weeks from in or around January 2024 until in or around September 8, 2024, failing to timely pay Plaintiff for his first week to three weeks of wages from in or around from in or around May 8, 2023 until in or around September 8, 2024 and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

71. Furthermore, Plaintiff CARMEN ELI CONTRERAS RANGEL worked in excess of ten (10) or more hours per day approximately six (6) days per week from in or around April 2024 until in or around June 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

72. Additionally, Plaintiff was not compensated at all by the Defendants for approximately two (2) work weeks of employment.

73. Due to Defendant's non-payment and late payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation, and other expenses.

74. Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

75. Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

76. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

77. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

78. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## **YANINA LORENA FRANCIS CRUZ**

79. Plaintiff YANINA LORENA FRANCIS CRUZ has been employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around April 25, 2024 to the present.

80. During Plaintiff YANINA LORENA FRANCIS CRUZ's employment by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., Plaintiff's primary duties have been as a cook, kitchen helper, and food assembler while performing other miscellaneous duties from in or around April 25, 2024 to the present.

81. Plaintiff has regularly worked five (5) to six (6) days per week from in or around April 25, 2024 to the present.

82. Plaintiff has regularly worked a schedule of shifts beginning from approximately 2:30 p.m. and regularly ending at approximately 11:30 p.m. or later, two (2) to three (3) days per week and from approximately 2:30 p.m. and regularly ending at approximately 2:00 a.m. or later, three (3) days per week, from in or around April 25, 2024 until present.

83. Thus, Plaintiff YANINA LORENA FRANCIS CRUZ has been regularly required to work approximately fifty-two-and-a-half (52.5) to sixty-one-and-a-half (61.5) hours per week from in or around April 25, 2024 until present.

84. Plaintiff was paid by Defendants a flat hourly rate of approximately $16.00 per hour for all hours worked from in or around April 25, 2024 until present.

85. Plaintiff was paid by Defendants every three (3) weeks from in or around April 25, 2024 until in or around May 2024 and every four (4) weeks from in or around June 2024 until present.

86. Although Plaintiff YANINA LORENA FRANCIS CRUZ worked approximately fifty-two-and-a-half (52.5) to sixty-one-and-a-half (61.5) hours per week from in or around April 25, 2024 until present, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

87. Defendants paid Plaintiff YANINA LORENA FRANCIS CRUZ every three (3) weeks from in or around April 25, 2024 until in or around May 2024 and every four (4) weeks from in or around June 2024 until present, failing to timely pay Plaintiff for her first two to three weeks of wages from in or around from in or around April 25, 2024 until present and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay her on a weekly basis.

88. Furthermore, Plaintiff YANINA LORENA FRANCIS CRUZ has worked in excess of ten (10) or more hours per day approximately three (3) days per week from in or around April 25, 2024 until present, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

89. Due to Defendant's non-payments and late payments, Plaintiff experienced a myriad of financial difficulties specifically in covering her regular expenses such as bills, food, transportation, and other expenses.

90. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

91. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

92. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

93. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

94. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

**<u>JOSE RONALDO BRAVO SOLIS</u>**

95. Plaintiff JOSE RONALDO BRAVO SOLIS was employed by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., from in or around May 2024 until July 1, 2024.

96. During Plaintiff JOSE RONALDO BRAVO SOLIS' employment by Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP. and NLLS MAINTENANCE CORP., Plaintiff's primary duties were as a cook, kitchen worker, and food preparer and assembler while performing other miscellaneous duties from in or around May 2024 until July 1, 2024.

97. Plaintiff regularly worked six (6) days per week from in or around May 2024 until July 1, 2024.

98. Plaintiff regularly worked a schedule of shifts beginning from approximately 2:00 p.m. and regularly ending at approximately 2:00 a.m., or later, three (3) days per week; and from approximately 2:00 p.m. and regularly ending at approximately 3:00 a.m., or later, three (3) days per week from May 2024 until July 1, 2024.

99. Thus, Plaintiff JOSE RONALDO BRAVO SOLIS was regularly required to work approximately seventy-five (75) hours per week from May 2024 until July 1, 2024.

100.    Plaintiff was paid by Defendants a flat hourly rate of approximately $16.00 per hour for all hours worked from May 2024 until July 1, 2024.

101.    Plaintiff was paid by Defendants on a bi-weekly basis during his entire employment with the Defendants.

102.    Although Plaintiff JOSE RONALDO BRAVO SOLIS worked approximately seventy-five (75) hours per week from May 2024 until July 1, 2024, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

103.    Defendants paid Plaintiff JOSE RONALDO BRAVO SOLIS on a bi-weekly basis from May 2024 until July 1, 2024, failing to timely pay Plaintiff for his first week of wages and thus violated the frequency of pay requirements of NYLL § 191 by failing to pay him on a weekly basis.

104.    Furthermore, Plaintiff JOSE RONALDO BRAVO SOLIS worked in excess of ten (10) or more hours per day approximately six (6) days per week from May 2024 until July 1, 2024, however, Defendants did not pay Plaintiff an extra hour at the legally prescribed minimum wage for each day worked over ten (10) hours, a blatant violation of the spread of hours provisions contained in the NYLL.

105.    Due to Defendant's late payments, Plaintiff experienced a myriad of financial difficulties specifically in covering his regular expenses such as bills, food, transportation, and other expenses.

106.    Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

107.    Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

108.    Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

109.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rates of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

110.    Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## **DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS**

111.    Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

112.    Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

113.    Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

114.    As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs' inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

115.    Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS AS TO PLAINTIFF'S WAGE AND HOUR ALLEGATIONS

116.    Plaintiffs bring this wage-and-hour action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b).  The employees similarly situated are hereafter, the "Collective Class."

117.    Collective Class: All persons who are or have been employed by the Defendants as food preparers, cooks, kitchen assistants, kitchen helpers, kitchen workers and food assemblers or any other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wages.

118.    Upon information and belief, Defendants employed approximately 100 or more employees or more within the relevant time period who Defendants subjected to similar unlawful payment structures that violated applicable law.

119.    Defendants suffered and permitted Plaintiffs - and the Collective Class - to regularly work more than forty hours per week without appropriate overtime compensation.

120.    Defendants' unlawful conduct herein has been widespread, repeated, and consistent.

121.    Defendants had knowledge that the Plaintiffs and the Collective Class regularly performed work requiring overtime pay.

122.    Defendants' conduct as set forth in this Complaint was willful and in bad faith - and has caused significant damages to Plaintiffs, as well as the Collective Class.

123.    Defendants are liable under the FLSA for failing to properly compensate Plaintiffs, and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

124.    The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

125.    The claims of Plaintiffs are typical of the claims of the whole putative class.

126.    Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

127.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

**FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS**

128.    Plaintiffs sue on their own behalf and as the class representative (hereinafter referred to as the "New York Class Representative") and bring the Second and Fourth Causes of Action on their own behalf and as a class action, on behalf of those similarly situated, pursuant to Fed. R. Civ. P. 23(a) and (b). The Fed. R. Civ. P. 23 Class is defined as:

Food preparers, cooks, kitchen assistants, kitchen helpers, and food assemblers, or other similarly titled personnel who are currently or have been employed by the Defendants at DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., located at 149-32 132nd St.,

Jamaica, NY 11430 and at 130-02 S Conduit Ave., Jamaica, NY 11430, and who worked greater than 40 hours per week (hereinafter referred to as the "New York Class") without receiving time and a half for all hours over 40 each workweek during the 6 years prior to the filing of the Complaint (hereinafter referred to as the "New York Class Period").

129.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

130.    The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are greater than 100 members of the New York Class during the New York Class Period.

131.    There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a.  Whether Defendants unlawfully failed to pay overtime compensation and spread of hours compensation in violation of and within the meaning of the NYLL;

    b.  Whether the New York Class Representatives and New York Class are nonexempt from entitlement to overtime compensation for hours worked under the pay requirement of the NYLL;

    c.  Whether Defendants failed to keep accurate and complete time records for all hours worked by the New York Class Representatives and the New York Class;

    d.  Whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law;

    e.  The proper measure of damages sustained by the New York Class Representative and the New York Class; and

f.   Whether Defendants should be enjoined from such violations in the future.

132.   The New York Class Representatives will fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class. The Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

133.   A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are modest compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

134.   Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to pay overtime wages, spread of hours compensation and unpaid wages. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

135.   Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

136.   Plaintiffs' claims are typical of those of the class. Plaintiffs and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages and spread of hours compensation and the failure to keep adequate records. The job duties of Plaintiffs are typical of those of the class members.

The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## FIRST CAUSE OF ACTION

### Overtime Wages Under The Fair Labor Standards Act

137.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

138.    Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

139.    At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

140.    At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

141.    Defendants willfully failed to pay Plaintiffs' overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

142.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.

143.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

144.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

145.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

146.    Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

147.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

### THIRD CAUSE OF ACTION
**Spread of Hours Compensation Under New York Labor**

148.    Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

149.    Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations.  N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 142-2.4.

150.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663 (1).

### FOURTH CAUSE OF ACTION
**Unpaid Wages Under The Fair Labor Standards Act**

151.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

152.    Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

153.    Defendants' violations of the FLSA as described in this Complaint have been willful and intentional.  Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

154.    Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

### FIFTH CAUSE OF ACTION

### Unpaid Wages Under The New York Labor Law

155.    Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

156.    At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

157.    Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

158.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

### SIXTH CAUSE OF ACTION

### Violation of Frequency of Pay Under New York Labor Law

159.    Plaintiff re-alleges and incorporates by reference the foregoing allegations as if set forth fully and again herein.

160.    Defendants willfully violated the rights of Plaintiff by failing to pay his wages owed on a weekly basis in which his wages were earned, in violation of New York Labor Law § 191.

161.    Defendants' failure to pay wages on the statutorily prescribed schedule was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

162.    Due to defendants' New York Labor Law violations, Plaintiff is entitled to recover from defendants liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198 and § 663(1).

**SEVENTH CAUSE OF ACTION**

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

163.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

164.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

165.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.


**EIGHTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

166.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

167.    Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3)

168.    Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.


**PRAYER FOR RELIEF**

**Wherefore**, Plaintiffs respectfully request that judgment be granted:

a.    Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b.    Awarding Plaintiffs' unpaid overtime wages;

c.    Awarding Plaintiffs' unpaid spread of hours compensation;

d.    Awarding Plaintiffs' unpaid wages;

e.    Awarding Plaintiffs' unpaid wages for Defendants' failure to timely pay Plaintiffs' wages;

f.    Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g.    Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

**i.** Awarding such and further relief as this court deems necessary and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: September 24, 2024
       Kew Gardens, NY

*Roman Avshalumov*
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JORDAN JULIO REINOSO ROSADO, CARMEN ELI CONTRERAS RANGEL, YANINA LORENA FRANCIS CRUZ and JOSE RONALDO BRAVO SOLIS, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP. and GLADYS GARCIA, and VALERIA CARRERA, as individuals,

Defendants.

---

## CLASS/COLLECTIVE ACTION COMPLAINT

---

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

---

To:

*Service via Secretary of State:*
**DO&CO NEW YORK CATERING, INC. (DOS ID: 2379706)**
28 Liberty St., Suite 101, New York, NY 10005

**GNVC ENTERPRISES CORP. (DOS ID: 7198059)**
1108 New Hyde Park Road, New Hyde Park, NY 11040

**NLLS MAINTENANCE CORP. (DOS ID: 6495047)**
203 E 19th Street, Huntington, NY 11746

*via Personal Service:*
**DO&CO NEW YORK CATERING, INC.**
149-32 132nd St., Jamaica, NY 11430
130-02 S Conduit Ave., Jamaica, NY 11430

**<u>GNVC ENTERPRISES CORP.</u>**
149-32 132nd St., Jamaica, NY 11430
130-02 S Conduit Ave., Jamaica, NY 11430

**<u>NLLS MAINTENANCE CORP.</u>**
149-32 132nd St., Jamaica, NY 11430
130-02 S Conduit Ave., Jamaica, NY 11430

**<u>GLADYS GARCIA</u>**
149-32 132nd St., Jamaica, NY 11430
130-02 S Conduit Ave., Jamaica, NY 11430

**<u>VALERIA CARRERA</u>**
149-32 132nd St., Jamaica, NY 11430
130-02 S Conduit Ave., Jamaica, NY 11430