**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

JORDAN JULIO REINOSO ROSADO, CARMEN ELI CONTRERAS RANGEL, YANINA LORENA FRANCIS CRUZ, and JOSE RONALDO BRAVO SOLIS, individually and on behalf of all others similarly situated,

*Plaintiffs,*

vs.

DO&CO NEW YORK CATERING, INC., GNVC ENTERPRISES CORP., and NLLS MAINTENANCE CORP., and, GLADYS GARICA, and VALERIA CARRERA, as individuals,

*Defendants.*

Case No. 1:24-CV-06719 (EK-PK)

**DEFENDANT DO&CO NEW YORK CATERING, INC'S ANSWER AND AFFIRMATIVE DEFENSES TO COLLECTIVE ACTION COMPLAINT**

Defendant DO&CO New York Catering, Inc., ("DO&CO" or "Defendant"), by and through their undersigned counsel, hereby provide their answer and affirmative defenses to the Collective Action Complaint (hereafter, "the Complaint") of Plaintiffs Jordan Julio Reinoso Rosado, Carmen Eli Contreras Rangel, Yanina Lorena Francis Cruz, and Jose Ronaldo Bravo Solis, filed on behalf of themselves and all other persons similarly situated (collectively referred to herein as "Plaintiff" or "Plaintiff(s)") and state as follows:

## AS TO "PRELIMINARY STATEMENT"

1.      Defendant denies the allegations in Paragraph 1 of the Complaint except that Plaintiffs filed this action to recover their purported damages from Defendant, but otherwise denies that Defendant is liable to Plaintiff(s) under any of the applicable law(s).

2.      Defendant denies the allegations in Paragraph 2 of the Complaint except that Plaintiffs purport to seek compensatory damages, liquidated damages, interest, attorneys' fees, and costs,

but denies that Defendant is liable to Plaintiffs under any of the applicable law(s). Defendant further denies that Plaintiffs are entitled to any of the requested relief.

## AS TO "JURISDICTION AND VENUE"

3.      Paragraph 3 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 3 of the Complaint.

4.      Paragraph 4 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 5 of the Complaint.

6.      Paragraph 6 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 6 of the Complaint.

## AS TO "THE PARTIES"

### *The Plaintiffs*

7.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

9.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

10.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

### The Job Sites

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

### *Corporate Defendant*

### DO&CO New York Catering, Inc.

12.     Defendant admits the allegations in Paragraph 12 of the Complaint.

13.     Defendant admits the allegations in Paragraph 13 of the Complaint.

14.     Defendant admits the allegations in Paragraph 14 of the Complaint.

15.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint as the expressions "provided manpower" and "DO&CO NEW YORK CATERING INC.'s job sites" alleged by Plaintiffs are ambiguous. To the extent an answer is required, Defendant denies the allegation in Paragraph 15 of the Complaint.

16.     Defendant denies the allegations in Paragraph 16 of the Complaint.

### GNVC Enterprises Corp. and NLLS Maintenance Corp.

17.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

18.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint.

3

19.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

20.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

### *Individual Defendant*

### **Gladys Garcia**

23.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

24.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

25.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint.

26.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint.

27.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint.

28.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint.

29.     Paragraph 29 of the Complaint calls for legal conclusions to which no response is required.

## Valeria Carrera

30.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint.

31.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

32.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint.

33.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint.

34.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint calls for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegation in Paragraph 36 of the Complaint.

## Joint Enterprise(s) of the Corporate Defendant

37.     Paragraph 37 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 37 of the Complaint.

38.     Paragraph 38 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 38 of the Complaint.

39.     Defendant denies the allegations in Paragraph 39 of the Complaint.

40.     Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Paragraph 41 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Paragraph 43 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

## JORDAN JULIO REINOSO ROSADO

45.     Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant denies the allegations in Paragraph 48 of the Complaint and its subparagraphs.

49.     Defendant denies the allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant denies the allegations in Paragraph 51 of the Complaint.

52.     Paragraph 52 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 52 of the Complaint.

53.     Paragraph 53 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Paragraph 54 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

55.     Defendant denies the allegations in Paragraph 55 of the Complaint.

56.     Defendant denies the allegations in Paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.     Paragraph 58 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Paragraph 59 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    Paragraph 61 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

## CARMEN ELI CONTRERAS RANGEL

62.    Defendant denies the allegation in Paragraph 62 of the Complaint.

63.    Defendant denies the allegation in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint and its subparagraphs.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint and its subparagraphs.

67.    Defendant denies the allegations in Paragraph 67 of the Complaint.

68.    Defendant denies the allegations in Paragraph 68 of the Complaint.

69.    Paragraph 69 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Paragraph 70 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 70 of the Complaint.

71.     Paragraph 71 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 71 of the Complaint.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

73.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 74 of the Complaint.

75.     Paragraph 75 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 76 of the Complaint.

77.     Paragraph 77 of the Complaint calls for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 77 of the Complaint.

78.     Paragraph 78 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

## YANINA LORENA FRANCIS CRUZ

79.     Defendant denies the allegation in Paragraph 79 of the Complaint.

80.     Defendant denies the allegation in Paragraph 80 of the Complaint.

81.     Defendant denies the allegations in Paragraph 81 of the Complaint.

82.     Defendant denies the allegations in Paragraph 82 of the Complaint.

83.     Defendant denies the allegations in Paragraph 83 of the Complaint.

84.     Defendant denies the allegations in Paragraph 84 of the Complaint.

85.     Defendant denies the allegations in Paragraph 85 of the Complaint.

86.     Paragraph 86 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 86 of the Complaint.

87.     Paragraph 87 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 87 of the Complaint.

88.     Paragraph 88 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89.     Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Paragraph 90 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 91 of the Complaint.

92.     Paragraph 92 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 92 of the Complaint.

93.     Paragraph 93 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 93 of the Complaint.

94.     Paragraph 94 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 94 of the Complaint.

## JOSE RONALDO BRAVO SOLIS

95.     Defendant denies the allegation in Paragraph 95 of the Complaint.

96.     Defendant denies the allegation in Paragraph 96 of the Complaint.

97.     Defendant denies the allegations in Paragraph 97 of the Complaint.

98.     Defendant denies the allegations in Paragraph 98 of the Complaint.

99.     Defendant denies the allegations in Paragraph 99 of the  Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Paragraph 102 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Paragraph 103 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

104.    Paragraph 104 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 104 of the Complaint.

105.    Defendant denies the allegations in Paragraph 105 of the Complaint.

106.    Paragraph 106 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 106 of the Complaint.

107.    Paragraph 107 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 107 of the Complaint.

108.    Paragraph 108 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 109 of the Complaint.

110.     Paragraph 110 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 110 of the Complaint.

### AS TO "DEFENDANT' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS"

111.     Paragraph 111 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 111 of the Complaint.

112.     Paragraph 112 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 112 of the Complaint.

113.     Paragraph 113 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 113 of the Complaint.

114.     Paragraph 114 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 114 of the Complaint.

115.     Paragraph 115 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 115 of the Complaint.

### AS TO "COLLECTIVE ACTION ALLEGATIONS AS TO PLAINTIFF'S WAGE AND HOUR ALLEGATIONS"

116.    Paragraph 116 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the truth of the allegations in Paragraph 118 of the Complaint.

119.    Defendant denies the allegations in Paragraph 119 of the Complaint.

120.    Defendant denies the allegations in Paragraph 120 of the Complaint.

121.    Defendant denies the allegations in Paragraph 121 of the Complaint.

122.    Defendant denies the allegations in Paragraph 122 of the Complaint.

123.    Paragraph 123 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 123 of the Complaint.

124.    Paragraph 124 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 124 of the Complaint.

125.    Paragraph 125 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 125 of the Complaint.

126.    Defendant denies the allegations in Paragraph 126 of the Complaint.

127.    Paragraph 127 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 127 of the Complaint.

## AS TO "FEDERAL RULE OF CIVIL PROCEDURE RULE 23 CLASS ALLEGATIONS"

128.    Paragraph 128 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 128 of the Complaint.

129.    Paragraph 129 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 129 of the Complaint.

130.    Paragraph 130 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 130 of the Complaint.

131.    Paragraph 131 of the Complaint and its subparagraphs call for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 131 of the Complaint and its subparagraphs.

132.    Defendant denies the allegations in Paragraph 132 of the Complaint.

133.    Paragraph 133 of the Complaint and its subparagraphs calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 133 of the Complaint.

134.    Defendant denies the allegations in Paragraph 134 of the Complaint.

135.    Paragraph 135 of the Complaint and its subparagraphs calls for legal conclusions to which no response is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 135 of the Complaint.

136.    Paragraph 136 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 136 of the Complaint.

## AS TO "FIRST CAUSE OF ACTION"
### Overtime Wages Under The Fair Labor Standards Act

137.    Defendant repeats and reiterates its responses to Paragraphs 1 through 136 of the Complaint as if fully stated herein.

138.    Paragraph 138 of the Complaint calls for legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 138 of the Complaint.

139.    Paragraph 139 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 139 of the Complaint.

140.    Paragraph 140 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 140 of the Complaint.

141.    Paragraph 141 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 141 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

142.    Paragraph 142 of the Complaint calls for legal conclusions to which no response is
required. To the extent that a response is required, Defendant denies the allegations in Paragraph
142 of the Complaint.

143.    Paragraph 143 of the Complaint calls for legal conclusions to which no response is
required. To the extent that a response is required, Defendant denies the allegations in Paragraph
143 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested
relief.

<u>AS TO "SECOND CAUSE OF ACTION"</u>
**Overtime Wages Under New York Labor Law**

144.    Defendant repeats and reiterates its responses to paragraphs 1 through 143 of the
Complaint as if fully stated herein.

145.    Paragraph 145 of the Complaint calls for legal conclusions to which no response is
required. To the extent that a response is required, Defendant denies the allegations in Paragraph
145 of the Complaint.

146.    Paragraph 146 of the Complaint calls for legal conclusions to which no response is
required. To the extent that a response is required, Defendant denies the allegations in Paragraph
146 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested
relief.

147.    Paragraph 147 of the Complaint calls for legal conclusions to which no response is
required. To the extent that a response is required,  Defendant denies the allegations in Paragraph
147 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested
relief.

<u>AS TO "THIRD CAUSE OF ACTION"</u>
**Spread of Hours Compensation Under New York Labor Law**

148.    Defendant repeats and reiterates its responses to paragraphs 1 through 147 of the Complaint as if fully stated herein.

149.    Paragraph 149 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 149 of the Complaint.

150.    Paragraph 150 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 150 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

## AS TO "FOURTH CAUSE OF ACTION"
### Unpaid Wages Under The Fair Labor Standards Act

151.    Defendant repeats and reiterates its responses to paragraphs 1 through 150 of the Complaint as if fully stated herein.

152.    Paragraph 152 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 152 of the Complaint.

153.    Paragraph 153 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 153 of the Complaint.

154.    Paragraph 154 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 154 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

## AS TO "FIFTH CAUSE OF ACTION"
### Unpaid Wages Under The New York Labor Law

155.     Defendant repeats and reiterates its responses to paragraphs 1 through 154 of the Complaint as if fully stated herein.

156.     Paragraph 156 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 156 of the Complaint.

157.     Paragraph 157 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 157 of the Complaint.

158.     Paragraph 158 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 158 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

## AS TO "SIXTH CAUSE OF ACTION"
### Violation of Frequency of Pay Under New York Labor Law

159.     Defendant repeats and reiterates its responses to paragraphs 1 through 158 of the Complaint as if fully stated herein.

160.      Paragraph 160 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 160 of the Complaint.

161.    Paragraph 161 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 161 of the Complaint.

162.    Paragraph 162 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 162 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

### AS TO "SEVENTH CAUSE OF ACTION"
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

163.    Defendant repeats and reiterates its responses to paragraphs 1 through 162 of the Complaint as if fully stated herein.

164.    Paragraph 164 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 164 of the Complaint.

165.    Paragraph 165 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 165 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

### AS TO "EIGHTH CAUSE OF ACTION"
**Violation of the Wage Statement Requirements of the New York Labor Law**

166.    Defendant repeats and reiterates its responses to paragraphs 1 through 165 of the Complaint as if fully stated herein.

167.    Paragraph 167 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 167 of the Complaint.

168.    Paragraph 168 of the Complaint calls for legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 168 of the Complaint. Defendant further denies that Plaintiffs are entitled to any of the requested relief.

## AS TO "PRAYER FOR RELIEF"

Defendant denies the allegations contained in the unnumbered paragraph asserting a prayer for relief, and all of its subparagraphs. Defendant further avers that Plaintiffs are not entitled to any of the relief requested therein or any other relief.

## AS TO "DEMAND FOR TRIAL BY JURY"

Defendant admits that Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative and other defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendant reserves the right to amend its answer and to assert any additional defenses as may become available or apparent during the course of this litigation.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs The Court should decline subject matter jurisdiction, whether original, pendent, or supplemental jurisdiction, over Plaintiffs' non-federal claims and, consequently, should dismiss Plaintiffs' non-federal claims for lack of subject matter jurisdiction.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiffs are not similarly situated enough to maintain a collective action.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovering based on equitable doctrines, including, without limitation, laches, unclean hands, waiver, and/or estoppel, and prior administrative proceedings.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendant at all times acted in good faith, and all actions taken with regard to Plaintiffs were taken for lawful business reasons.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant has acted in good faith and has not violated any rights that may be secured to Plaintiffs under any federal, state, or local laws, rules, regulations, or guidelines.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant has met and satisfied any and all obligations to Plaintiffs, to the extent any exist, and, therefore, this action is barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate or otherwise act to avoid, lessen, or reduce any of the damages, injury or harm of which Plaintiffs now complains.

### AS AND FOR A NINETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not typical enough to sustain a collective action.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Defendant was not Plaintiffs' direct, single integrated, or joint employer, and as such, cannot be held liable under federal and/or state law.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' own conduct caused, in whole or in part, whatever damages he may have suffered.

### AS AND FOR A TWELVE AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because recovery of cumulative liquidated damages under both FLSA and NYLL is not allowed under applicable law.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the NYLL.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Any and all damages alleged were not "willful" under the FLSA.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because they were at all relevant times properly paid for all hours worked.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiffs were paid all sums which may have been due to them, if any, under the applicable laws and their corresponding regulations.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because Defendant was not engaged in "interstate commerce."

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to relief because Defendant was not engaged in the production of goods for commerce.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed to the extent that they are barred by the applicable statute(s) of limitations.

### AS AND FOR AN TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims should be dismissed to the extent that they failed to exhaust administrative remedies.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims for pre-judgment interest under the New York Labor Law are preempted by the remedies provided by the FLSA.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant was not the cause of Plaintiffs' purported damages, and not a proper party to this lawsuit or liable for the claims alleged by Plaintiffs.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendant does not owe any wages to Plaintiffs.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs are exempt from the FLSA.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are exempt from the NYLL.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

At all times herein, Defendant used good faith in calculating Plaintiffs' compensation.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are not common enough to sustain a collective action.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs cannot certify a collective class because the questions of law and fact are not common to the class.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot certify a collective class because Plaintiffs are not a suitable collective class representative.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs cannot certify a collective class because Plaintiffs' counsel is neither experienced nor competent in collective action litigation.

### AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs cannot certify a collective class because a collective action is neither superior to a collective nor an individual action.

### AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to punitive damages insofar as Plaintiffs cannot demonstrate malice or reckless indifference, nor can he impute liability for punitive damages to Defendant because of Defendant's good faith efforts to comply with federal, state and local law.

### AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE

Although Defendant denies that it owes any unpaid wages or other amounts to Plaintiffs, if it is determined that such monies are owed, Plaintiffs are not entitled to liquidated damages because Defendant's actions with respect to the method of paying Plaintiffs were taken in good faith.

## AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred in whole or in part to the extent there exists a binding agreement providing Defendant the right to arbitrate those claims.

## RESERVATION OF RIGHTS

Defendant reserves its right to add, amend and/or supplement this Answer to assert those defenses which they deem necessary to their defense during or upon the conclusion of investigation and discovery.

## DEFENDANT' RELIEF REQUESTED

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to any relief and request that:

A. Plaintiffs' Complaint be dismissed with prejudice in its entirety;

B. Judgment be entered in Defendant' favor;

C. Defendant be awarded their costs and attorneys' fees for being forced to defend itself against Plaintiffs' claims; and,

D. The Court award Defendant such other relief as it deems just and equitable.

**WHEREFORE,** Defendant respectfully request that this Court enter judgment in their favor, dismiss the Complaint with prejudice, award Defendant their costs, attorney's fees and expenses, and grant such other relief as this Court deems proper.

Dated: New York, New York
      February 21, 2025

                                      Respectfully submitted,

                                      **FORDHARRISON LLP**

                                      By: */s/ Johanna G. Zelman*
                                      Johanna G. Zelman
                                      CityPlace II
                                      185 Asylum Street, Suite 820
                                      Hartford, CT 06103
                                      Telephone: 860-740-1355
                                      Facsimile: 860-578-2075
                                      jzelman@fordharrison.com

Richard Bahrenburg
366 Madison Avenue, 7th Floor
New York, NY 10017
Telephone: 212-453-5900
Facsimile: 212-453-5959
rbahrenburg@fordharrison.com

Steven Balken
366 Madison Avenue, 7th Floor
New York, NY 10017
Telephone: 212-453-5900
Fax: 212-453-5959
sbalken@fordharrison.com

*Attorneys for Defendant*
*DO&CO New York Catering, Inc.*


TO:

James Patrick Peter O'Donnell, Esq.
Katelyn Marie Schillaci, Esq.
Roman M. Avshalumov, Esq.
HELEN F. DALTON & ASSOCIATES, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Tel: 718-263-9591
Email: jamespodonnell86@gmail.com
       katelyn@helendalton.com
       avshalumovr@yahoo.com

*Attorneys for Plaintiffs*